RANDOLPH, Presiding Justice,
dissenting:
¶ 22. Today’s holding is breathtaking in its reach. (Maj. Op. ¶ 1). As written, it grants standing for high school athletes to challenge eligibility decisions, such as being declared ineligible for a game or games because of missed curfews or being dismissed from the team for smoking in the boys’ room. One does not have to be a jurist to. appreciate that there must be penalties, including loss of eligibility, if rules are broken.
*281 ¶ 28. Today’s analysis presupposes the existence of a contract, a critical point not developed by the majority or in Mississippi High School Activities Association, Inc. v. Farris, 501 So.2d 393 (Miss.1987). The issue as presented in Farris was “were the minor appellees third party beneficiaries to the contract between Hattiesburg High School and MHSAA.” Id. at 395. The Farris Court analyzed that issue, as presented, as if the handbook of the Mississippi High School Activities Association (MHSAA) was a contract; however, the Court never determined as a matter of law that the handbook was, in fact, a contract.[27] Id. at 396. The majority, again reaching far beyond the scope of this case, fast-forwards to a determination that a contract exists, without support for its conclusion.
¶ 24. Then, after citing Farris to buttress the contractual argument, the majority disassociates itself from the holding in Farris. In Farris, the chancellor held that “[a] contract existed between Hatties-burg High School and the MHSAA and the minor plaintiffs had standing as third party beneficiaries to bring this suit.” Id. at 395. That issue is the exact issue before this Court today — do student athletes and their parents have standing as third-party beneficiaries to file suit? The majority lists numerous benefits that apply to the students to support its finding that the students are third-party beneficiaries. (Maj. Op. ¶ 16-17). I, just as the Farris court, recognize that students receive some benefit; however, those benefits are incidental benefits, not direct benefits. Id. at 396.
¶25. If we honor stare decisis, the Farris holding controls this case. The Farris court held that “the chancellor erred in finding the plaintiffs/appellees were third party beneficiaries.... ” Id. The Farris court further held that the student athletes and parents “had no property interests in playing interscholastic sports” and were in no position to implement third-party standing. Id. at 398. I cannot ignore this precedent.
WALLER, C.J:, LAMAR AND PIERCE, JJ„ JOIN THIS OPINION.

. The only person who declared that the handbook was a contract was the chancellor.